See vs. Bobst.

SEE vs. BOBST.

1. It is error in the circuit court to allow amendments to be made, except upon terms not prejudicial to the rights of parties.

APPEAL from Montgomery Circuit Court.

NAPTON, J., *delivered the opinion of the court.*

This was an action of forcible entry and detainer, originally brought before a justice of the peace by Bobst against See. A judgment by default was entered by the justice against See, and from that judgment See appealed to the circuit court.

The appeal was dismissed by the circuit court, and the case was brought to this court. In the opinion of this court, as may be seen by reference to it in 8 Mo. R. p. 506, there had been in fact no judgment by default properly taken before the justice, the defendant not having been served with process, and the cause was therefore remanded to the circuit court for trial upon its merits.

The circuit court, as it appears from the record now brought up, at the instance of the appellee, permitted the constable to amend his return, and the return having been amended, the court then dismissed the appeal.

The amended return reads thus : "Executed the within summons by leaving a copy of the same, together with a copy of the original complaint, at the usual place of abode of the defendant, Adam See, in Montgomery county, in the presence of a white member of his family, over the age of fourteen years, &c., &c."

Passing by the objection to the amended return, we are of opinion that the court erred in allowing the amendment, and dismissing the appeal.

The general authority of the circuit court to allow its process to be amended so as to conform to the facts, is unquestionable. Where such amendments are permitted upon terms not prejudicial to the rights of either party, they are in furtherance of justice, and therefore unobjectionable. In the present case the appellant had a legal advantage which enabled him to obtain a trial upon the merits ; and the appellee ought not to be permitted to deprive him of this position and assume the vantage ground himself with a view to turn his adversary out of court upon a technicality.

The omission to make provision for setting aside a judgment by default in the action of forcible entry and detainer, was no doubt an oversight. Whether the silence of the statute is to be construed as making a judgment by default forever obligatory, and beyond the control of the justice, as well as the appellate courts, or whether the courts would undertake to regulate the proceedings in forcible entry and detainer by analogy to the other actions in justices courts and allow the motion to be set aside, though not expressly given by statute, is no wise material in this case to determine; sickness, high waters, and a hundred casualties beyond the control of human foresight, may prevent a party defendant from being present at a return day before the justice. It would be productive of monstrous injustice, if in such cases the judgment by default which the justice must enter, should be beyond the reach of the justice himself, and of all superior tribunals. Upon this point, however, no opinion is given, for it does not arise in this case.

Judgment reversed and cause remanded.