STREET, Appellant, v. BUSHNELL, Respondent.

1. Where the plaintiff in a suit for slander fails to prove the words as charged, the court may, in allowing an amendment, require the plaintiff to pay all costs that have accrued since the commencement of the suit.

*Appeal from Henry Circuit Court.*

*F. P. Wright*, for appellant.

I. The Circuit Court erred in excluding the evidence. It tended to prove the charge of theft as alleged in the petition. Except in cases when the allegation is unproved in its entire scope and meaning, no variance between the allegation in the pleading and the proof shall be *deemed material*, unless it shall have *actually* misled the adverse party to his prejudice in maintaining his action or defence. When the adverse party proves by evidence *aliunde* to the satisfaction of the court that he has thus been misled, and then only, the court has the right to adjudge costs upon allowing the amendment. In this case the defendant did not offer any proof that he had been misled, nor did he even so allege; hence the court erred in adjudging costs, and especially all the costs in the case. In cases where the court has a right to fix terms, those terms must be just. (Catlin v. Gunter, 1 Kernan, 368 ; R. C. art. 9, § 1 & 2, p. 1253 ; 10 Howard's Prac. 316 ; Dewel v. Spence, 1 Abbot's Prac. 237 ; Miller v. Garting, 12 How. Prac. 203 ; Hagens v. De Hart, id. 322.)

II. The allegation in the petition was not unproved in its entire scope and meaning. (Morgan v. Livingston, 2 Rich. 573.)

III. The court erred in not permitting plaintiff to prove by the witness how they understood the words.

RYLAND, Judge, delivered the opinion of the court.

This is an action of slander, for words spoken of the plaintiff by the defendant. Upon the trial, the plaintiff failed to prove the words as he had charged them to have been spoken ; but proved words which he considered actionable. He therefore moved the court for leave to amend his petition, so as to make it conform to the proof in his power. The court granted this motion upon terms, which were that the plaintiff should

pay all the costs already incurred except the costs of the commencement of the suit. The plaintiff declined amending on those terms, and excepted to the decision of the court in refusing the leave to amend on other than the ordinary terms. The plaintiff then took a non-suit. He filed his motion to set aside this non-suit, which being overruled, he excepted, and brings the case here by appeal.

The words charged in the plaintiff's petition as having been spoken of him by the defendant are, " I (meaning the defendant himself) was summoned as a grand juror at last court, but I got the court to excuse me from serving; for, if I had served, I would have been bound to have indicted William D. Street for theft:" then and there meaning, and was so understood to mean by Mathew Arbuckle and others, that he, William D. Street, the plaintiff, had been guilty of larceny.

In the second count, the words are thus charged: " I (meaning the defendant) got myself excused from serving on the grand jury at the last term of the Henry Circuit Court, (meaning the May term thereof in the year 1855,) for, if I had served as a grand juror, I would have been bound to have indicted William D. Street for theft:" thereby then and there meaning, and was so understood to mean by John H. Edmonson and others, that William D. Street, plaintiff, had been guilty of the crime of larceny.

The words proved were, defendant said, "if he had served on the grand jury, he would have been bound to have indicted Mr. Street, the plaintiff." Witness asked defendant what Mr. Street had been doing; he (defendant) said he (Street) had been getting or taking goods from his store without accounting for them. Witness observed to defendant that it was a very serious charge, and he ought not to say any thing about it unless he could prove it; he replied that he could prove every thing he said about it. Witness understood him to mean every thing he had said to witness. Another witness said he heard defendant say he was summoned on the grand jury and did not serve. He (defendant) stated he would not have serv-

ed on that jury for fifty dollars. Witness asked him why; he said, " if he had done it, he would have been bound to present Mr. Street." Witness asked him for what; he stated that he (Street) "had taken or gotten things out of the house for which he had not accounted." Witness thinks that he did not state at the time for what offence he would have had to indict him. This witness also stated that at another time defendant stated to this witness " that he would not have served on that jury for five hundred dollars ; if he had, he would have had to to have his brother and Mr. Huston summoned before the grand jury for the purpose of establishing the fact that he (Street) had taken things out of his store for which he had not accounted." Defendant referred to things he said plaintiff had taken and for which he had not charged himself; he named some calico, five yards of domestic, and it may be some other things, plaintiff had taken and for which he had not charged himself; he never said he had stolen it. Defendant said that the plaintiff had got some things out of his store, and mentioned different things. Plaintiff had been clerk in the defendant's store, and at various times had taken things and omitted to charge himself with them. He said plaintiff had got some domestic and had omitted to charge himself with the proper amount. Defendant did not say that plaintiff had been guilty of any offence ; he did not name " theft" or any thing of that kind. He said that he should have to indict him for taking goods that he had not accounted for. He was alluding to the plaintiff when he had been his clerk. This is the proof offered by plaintiff to support the charge in his declaration. The plaintiff's counsel asked the witness what he understood defendant to mean by the words he spoke of the plaintiff. The defendant's counsel objected, and the court sustained the objection. Plaintiff excepted. The defendant's counsel then moved the court to exclude all the evidence of plaintiff of the words spoken, as they were not proved as alleged, which motion the court sustained, and excluded all the evidence of plaintiff, and the plaintiff excepted. Plaintiff thereupon moved to amend, as already

stated, which was granted him on terms which he refused to accept.

The plaintiff contends that there is not a total failure of proof, but only a variance ; and that in such cases he has the right to amend without payment· of the costs already accrued. The court below considered it a total failure to prove the words as charged, and consequently would allow the amendment only on terms. We are inclined to the opinion that the Circuit Court properly considered this a failure to make out the words as charged, and that the order to amend on terms was proper. In slander the words must be proved, or a sufficient number of them proved, to support the charge as set forth in the declaration ; it will not do to prove equivalent expressions. The rule stated in the books is, that the slander proved must substantially correspond with that charged in the declaration. By this it is not to be understood that if certain words are employed to convey a slanderous imputation, those words will support a declaration containing the same imputation in different words. The meaning of the rule seems to be that if the words charged to have been spoken are proved, but with the omission or addition of others, not at all varying or affecting their sense, the variance will not be regarded. Although the words proved are equivalent to the words charged in the declaration, yet not being the same in substance, an action can not be maintained ; and although the same idea is conveyed in the words charged and those proved, yet if they are not substantially the same words, though they contain the same charge, but in different phraseology, the plaintiff is not entitled to recover. (Barry v. Dryden, 7 Mo. 325.) Though the plaintiff need not prove all the words laid, yet he must prove so much of them as is sufficient to sustain his cause of action ; and it is not enough for him to prove equivalent words of slander. (2 East. 438.) The words in this plaintiff's petition were not proved, nor was there proof of equivalent words. The plaintiff failed to make out his charge. Why then should he be permitted to amend his petition by alleging a new set of slanderous words in accordance

with the proof just offered in court, and go on forthwith with his trial? There are few suits which parties bring in our courts less deserving favor than suits for slander; and if our courts were to suffer plaintiffs to sue and go to trial, and when they find that they have misstated the slanderous words, permit them, without costs, to amend their petitions and proceed with the trial, there would be no end to the strife and litigation consequent upon such practice. The peace and well-being of the community are promoted by decisions whose tendency is to put a stop to vexatious litigation. If parties will sue for slanderous words, and such actions are sometimes necessary as being the only way to tie a knot in the tongue of malice and defamation, let them learn the extent of the words, the full force of the charge, and then carefully and prudently seek the redress afforded for such injuries by stating the grievance according to its real existence. We are satisfied that the terms offered to the plaintiff below were proper, and were as favorable as he had a right to demand; and having declined to accept them he must be left where he voluntarily placed himself.

There is no error in refusing to let the witnesses state what they understood by the words spoken of plaintiff by defendant in this action. Such proof would have been unavailing and useless here, since the slanderous words were not proved as charged. Let the judgment be affirmed; the other judges concurring.