JAMES MERRICK *vs.* STEPHEN J. BRADLEY.

A sold to B a negro woman, a slave for life, and in payment therefor, received the draft or bill of exchange of B, upon C, for the amount of the purchase money, which was accepted by C; whereupon A executed and delivered to B his receipt, in which it was stated that the draft was received in payment for said slave. The receipt also contained a warranty of the soundness of the slave up to the day of its date. At the same time A gave to B an order in writing to E, with whom the said slave was at that time hired, directing him to deliver her to B, *as he then considered her B's property*, which order was received by E, without objection. The slave died, having committed suicide while B was waiting at the door of E to receive her into actual possession. B having refused to pay the purchase money, suit was brought by A upon the draft.—HELD :

1st. That the receipt and order upon E operated as a valid sale of the property, by which the title and right of possession passed to the purchaser, and the purchase was thereafter at his risk.

2nd. That the warranty of soundness was complied with if the negro woman was alive and sound at the time of the execution, and delivery of the receipt and order.

APPEAL from the Circuit Court for Queen Ann's county.

This was an action brought on the 11th of April 1859, by the appellee against the appellant, on the draft or bill of exchange of Clinton Wright, in favor of the appellee, and accepted by the appellant. The said draft or bill of exchange was given for the purchase money of a negro woman, the slave of the appellee, sold by him to said Wright. The declaration contained but one count, upon said draft or bill. The pleas were, that the plaintiff had agreed to *sell and deliver* said slave to the said Wright, but had failed to do so; and had warranted said slave to be sound at the date of said sale, but that she was not sound at that time. The replication denied that the plaintiff had agreed to deliver said slave to the purchaser, but alleged that she had in fact been delivered to him; and also denied that the plaintiff had warranted said slave to be sound at the date of said sale, but alleged that she was in fact sound at

that time. These were substantially the issues presented below.

*Exception:*—At the trial of this cause, the plaintiff produced and read to the jury the following draft or bill of exchange, on which this action is instituted, the execution of which was admitted.

$650.00. Six days after date Mr. James Merrick will pay to Mr. Stephen J. Bradley, six hundred and fifty dollars, and charge the same to me.        CLINTON WRIGHT.

*December 22nd*, 1858.        Accepted—*James Merrick.*

It was admitted that the contract of sale was made, and the receipt and order which are inserted in the plaintiff's prayer, were signed and delivered by the plaintiff on the 22nd of December 1858, at Dixon's Tavern, within a mile of the house of one David Wallace, with whom the slave was then hired. The slave committed suicide before actual delivery.

All other portions of the evidence essential to a proper understanding of the case are recited in the following instruction asked by the plaintiff, and granted by the Court, (CARMICHAEL, J.) "The Court instruct the jury, that if they shall believe that the bill of exchange drawn by Clinton Wright on James Merrick, the defendant, and accepted by the said defendant, was given for the price of negro woman, Mary, slave of the plaintiff, sold to the said Clinton Wright, and that the following receipt and order were at the same time given by the said plaintiff to the said Clinton Wright, who accepted the same, viz:

'Received December 22nd, 1858, of Mr. Clinton Wright an order on James Merrick for six hundred and fifty dollars, in payment for a colored woman, Mary, a slave for life, whom I guarantee to be sound up to this day.

S. J. BRADLEY.'

'MR. DAVID WALLACE:—You will please let Mr. Clinton Wright have Mary, as I now consider her his property.

*December 22nd*, 1858.        S. J. BRADLEY.'

"And if they shall further believe that said negro woman, Mary, was at the time in the possession of the said David Wallace, under a contract of hire from the plaintiff for the year 1858, that the said Wallace agreed with the plaintiff to surrender said negro to any purchaser during the year, to whom said negro should be sold by the plaintiff; that said Wright some days previously to the date of said bill of exchange and receipt, called on the said Wallace and apprized him that he was in treaty for the purchase of said negro, and that if he purchased or bartered for her he would wish to get possession of her on the following Wednesday, which was the day of the date of the said order and receipt, and the said Wallace promised to give him possession of her in that event on that day, that the said Wright after he procured the said order called on the witness, Finley, to go to the house of the said Wallace, where the negro then was, for the purpose of keeping his eye on the said negro to prevent her escape, and at the same time furnished the said Finley with the aforesaid order, that the said Finley immediately thereafter went to the house of the said Wallace, and there delivered to him, Wallace, the said order, and read said order to him, and the said Wallace replied thereto, that it would put him to great inconvenience, but made no contention about it, and that in a few minutes thereafter, the said Wright came up to the kitchen door where the said negro was, and where also the said Finley and Wallace were, and the said Finley said to the said Wright, pointing to said negro, 'There is your negro,' and the said Wallace said, 'I am sorry you have come, for it will put me to great inconvenience;' and shall further believe that said negro at the time of the execution and delivery of said order and receipt, was alive and in being, and sound and a slave for life, that then the plaintiff is entitled to recover in this action the amount of the said bill of exchange." To the granting of the said in-

struction the defendant excepted, and the verdict and judgment being against him, appealed.

The cause was argued before BARTOL, GOLDSBOROUGH and COCHRAN, J.

*E. F. Chambers*, for the appellant:

1. No delivery in fact or in law was made out by the plaintiff's statement in his prayer, as was necessary to enable the plaintiff to recover. The woman was in possession of Wallace, the hirer. Finley was as much the agent of the vendor as of the vendee, and the delivery was not made by or to him. Wallace never consummated the delivery, and never made a step towards doing so. In all these cases of sales, there must be an actual or constructive delivery, and each case must depend on its own peculiar circumstances. It is a mixed question of *law* and *fact*. 6 *Md. Rep.*, 10, *Atwell vs. Miller.* Here the jury have been deprived of the right of passing upon the facts, and the prayer makes it altogether a matter of law. No case can be found such as this, where constructive delivery has been similarly made, except where the vendor was in possession of the property.

2. The Court below was in error, in not requiring the jury to believe at the least that the woman was alive and sound, when the order of the appellee was delivered to Wallace. The receipt contains a warranty that the negro woman was sound up to the day of its execution. It cannot be said that the words *"up to this day,"* mean any particular hour of the day; the warranty of soundness must at least have extended up to the time of the delivery, and the death occurred before the delivery could be made. The facts show that there was an agreement to deliver. The negro was not in jail, nor in the custody of a *general bailee*, for the benefit of the *vendors*. The vendor must do

all that by the contract is required of him. *Story on Sales*, sec. 300.

*John M. Robinson*, for the appellee:

1. The acceptance of the bill of exchange by the appellee in payment of the negro woman, his receipt for the same, his order to Wallace, and the acceptance of said order by Wright,—the negro woman at the time being a slave for life and sound,—operated as a perfect and valid sale, by which the title right of the property and possession passed to the purchaser. *Franklin & Armfield, vs. Long*, 7 *G. & J.*, 407. *Clary vs. Frayer*, 8 *G. & J.*, 399. *Hall & Long, vs. Richardson*, 16 *Md. Rep.*, 396. *Warren vs. Leland*, 2 *Barb. Sup. Ct. Rep.*, 613. *Dixon vs. Yates*, 4 *Barn. & Adol.*, 313. *Story on Sales*, secs. 391 and 303, a. 2 *Kent's Com.*, 492, 493. Delivery was not essential in this case; the right of property passed at the time the bargain was made and the money paid, in the absence of an agreement to deliver.

2. There was no agreement on the part of the appellee to deliver the negro, but if there was, we hold the facts upon which the prayer was based, constituted a delivery in law. *Clary vs. Frayer*, 8 *G. & J.*, 407. *Story on Sales*, secs. 302, 304, 311, a., 312 and 312, a. Whenever the vendor's lien ceases there is a delivery. *Story on Sales*, 302. The acceptance of the bill of exchange destroyed the lien. *Hall & Loney, vs. Richardson*, 16 *Md. Rep.*, 396. The legal title being in the purchaser, drew after it the constructive possession, which in law operated as a constructive delivery. *Clary vs. Frayer*, 8 *G. & J.*, 420. Questions of delivery are questions of law to be found by the jury upon the facts in the case. *Clarke's adm'r, vs. Marriott's adm'r*, 9 *Gill*, 331.

BARTOL, J., delivered the opinion of this Court:

This action was brought by the appellee, on a bill of ex-

change, or draft drawn by Clinton Wright, and accepted by the appellant; being for the stipulated price of a negro woman sold to Wright by the appellee. The case comes before us, upon an exception taken to the prayer of the plaintiff below, which was granted by the Circuit Court, (see *ante* 53.) In the argument of the cause in this Court, the appellant has contended that "no delivery in fact or in law, was made out by the plaintiff's statement in his prayer, as was necessary to entitle him to recover."

In passing upon the case, however, it is unnecessary for us to decide whether the facts enumerated in the prayer, constituted a delivery of the property sold, actual or constructive, to the purchaser. We are clearly of opinion that the receipt and the order on Wallace, which was accepted by the purchaser, operated as a valid sale of the property, by which the title and right of possession passed to him, and it was thereafter at his risk. On this point the case is within the principles decided in *Franklin & Armfield, vs. Long*, 7 *G. & J.*, 407, 417; *Clary vs. Frayer*, 8 *G. & J.*, 399; and *Hall & Loney, vs. Richardson*, 16 *Md. Rep.*, 369.

In *Franklin & Armfield, vs. Long*, the Court say, "But a delivery of goods actually sold, is not necessary to pass the right to the vendee, if there be any thing given in earnest, or a payment of the whole, or a part of the purchase money, or a sufficient note or memorandum in writing of the bargain." 8 *G. & J.*, 418.

The same case is an express authority for the proposition, that the warranty of soundness in this case was complied with, if the negro woman was alive and sound "*at the time of the execution and delivery of the order and receipt*," and therefore the second objection made by the appellant to the prayer, cannot be sustained.

Finding no error in the ruling of the Circuit Court, the judgment will be affirmed.

*Judgment affirmed.*