JAMES M. CLIFTON *et al.*, Appellants, v. THOMAS L. SPARKS, Respondent.

Kansas City Court of Appeals, March 9, 1888.

PRACTICE—MOTION TO RETAX COSTS—AGREED CASE.—Under an agreed statement of facts (set forth in the opinion) the court holds (1) the costs in this case which accrued in the justice's court are to abide the result of the trial in the circuit court; for the effect of the appeal was to vacate the judgment of the justice of the peace. (2) The effect of the judgment of reversal in the Supreme Court was to nullify the erroneous judgment of the circuit court; and any money paid out by, or property taken from, the appellants under or by virtue of that judgment before reversal would have to be restored by the appellee, and all the costs incurred consequent upon the erroneous action of the circuit court which necessitated the appeal would be properly taxable against him, and would be recoverable under the judgment of reversal, such as the motion for new trial, affidavit for appeal, filing bill of exceptions, making out transcript, and the costs of the clerk of the Supreme Court.

APPEAL from Morgan Circuit Court, HON. E. L. EDWARDS, Judge.

*Reversed and remanded.*

(560)

The case is stated in the opinion.

A. W. ANTHONY, for the appellants.

I.  Upon the first error assigned the trial court was clearly wrong, in refusing to "restore plaintiffs to all they had lost" by reason of the erroneous judgment.

II.  If a defendant, in the conduct of a case, commits an error, and the plaintiff has to appeal to have the error corrected, and it is corrected, although defendant may prevail in the end, he should not be allowed to compel the plaintiff to pay costs, caused by his own error, and which, if such error had not been committed, would have been avoided.  He, who forces another by error committed to appeal, should be taxed with all the costs up to and including the appeal, if the appellate court reverses the judgment.  The costs incurred afterward go with the judgment.

DRAFFEN & WILLIAMS and D. E. WRAY, for the respondent.

I.  The first point made in the appellants' brief is not well taken.  The record shows that the circuit court did not make any ruling, nor was it asked to make any, as to the costs in the Supreme Court.  These costs are not involved in this proceeding.  The appellants' own statement shows that the clerk "taxed all the costs of the circuit court and of the justice's court against plaintiffs."  These are the items, and the only items of cost sought to be retaxed.  There was never any controversy, as to the costs in the Supreme Court.  Rev. Stat., sec. 1001.

II.  The appellants' motion was properly overruled. (a)  The complaint is not that the clerk failed to tax the costs in accordance with the judgment of the court, but that the court improperly entered judgment against plaintiffs for the costs.  It is, in reality, the judgment, which was affirmed in this court, of which com-

plaint is made.   A judgment cannot be reviewed upon a motion to retax costs.   *Mann v. Warner*, 22 Mo. App. 77.   (*b*)   The only judgment in this case is the one in favor of the defendant, and against the plaintiffs.   In the absence of a judgment against the defendant for the costs, or some part thereof, the clerk cannot well transform a judgment that the defendant recover his costs, into one that plaintiffs recover part of said costs. (*c*) The reversal by the Supreme Court did not have the effect claimed for it.   It simply rendered the judgment of the lower courts of no effect, and left the parties as if no judgment had been rendered.   Its effect as to costs was limited by section 1001, Revised Statutes.   Our right to costs does not depend upon that judgment, but a subsequent one.   (*d*) Costs are regulated by statute, and the statute provides in this class of cases, that the party prevailing shall recover his costs.   Rev. Stat., sec. 990.

Philips, P. J.—This controversy arises on a motion to retax the costs in this cause.   The motion was submitted on an agreed statement of facts, which recites : "That plaintiff instituted suit before a justice of the peace, and upon trial before a jury there was a verdict for defendant ; and that plaintiff appealed to the circuit court of Morgan county, Missouri.   Upon a trial *de novo* the defendant again had a verdict, and the plaintiff took the case by appeal to the Supreme Court of this state, where the judgment of the circuit court was reversed and the cause remanded.   Upon a retrial in the circuit court the verdict was for the defendant, with judgment that defendant go hence, etc., and that he have and recover of the plaintiffs his costs and charges in this behalf laid out and expended, and that execution issue therefor.   From this judgment the plaintiffs appealed, and the cause was, by the Kansas City Court of Appeals, affirmed, and the clerk (of this court) has taxed all the costs in the circuit court and justice's court against plaintiffs, and by this motion

plaintiffs seek to have retaxed, and taxed against defendant, all the costs which accrued prior to the reversal of the judgment and remanding of the cause by the Supreme Court." On this state of facts the court overruled the motion; and plaintiffs have appealed.

Sections 990 and 1001, Revised Statutes, are the only statutory provisions applicable to this case: "Sec. 990: In all civil actions, or proceedings of any kind, the party prevailing shall recover his costs against the other party, except in those cases in which a different provision is made by law." "Sec. 1001: If any person shall sue out a writ of error or take an appeal from a judgment of any court to the Supreme Court, etc., and the judgment shall be affirmed, or the writ of error or appeal be discontinued or quashed, or the plaintiff in error or appellant nonsuited, the defendant in error or appellee shall recover his costs; and if the judgment be reversed, the appellant or plaintiff in error shall recover his costs."

I. The costs which accrued in the justice's court are, of course, to abide the result of the trial in the circuit court; for the effect of the appeal was to vacate the judgment of the justice of the peace. *Earl v. Hart*, 89 Mo. 263. The effect of the judgment of reversal in the Supreme Court was to nullify the erroneous judgment of the circuit court, and to restore the appellants to all they had lost by reason of that wrongful judgment. Any money paid out by, or property taken from, the appellants under and by virtue of that judgment before reversal would have to be restored to them by the appellee. There is no pretense that the appellants had paid the costs incurred in the justice's court or the circuit court up to the trial in the latter court. The costs of the justice's court and of the circuit court up to the point where the latter committed the error against the appellants, would abide the final determination of the cause. And all the costs incurred consequent upon the erroneous action of the circuit court,

which necessitated the appeal, would be properly taxable against the defendant, and would be recoverable under the judgment of reversal. This, we take it, is the common sense of the statute; and it certainly is expressive of a sense of justice. It would be palpably unjust to tax any costs against the appellants entailed by the illegal judgment which the Supreme Court reversed. All costs, thereafter made in the circuit court, prior to the reversal in the Supreme Court, would be recoverable by the appellants under the judgment of reversal: such as the motion for new trial, affidavit for appeal, filing bill of exceptions, making out transcript, and the costs of the clerk of the Supreme Court. The obstacle in the way of sustaining the action of the circuit court in overruling this motion is the admission in the agreed statement of facts, that "the clerk has taxed *all the costs in the circuit court* against the plaintiffs." As already shown there are costs proper, made in the circuit court, *e. g.*, for entering judgment, motion for new trial, affidavit for appeal, filing bill of exceptions, order granting appeal, and the like, which the clerk, under the final judgment of the court in favor of defendant, should not tax against the plaintiffs, for these were covered by the judgment of reversal, to which the appellants should be restored. Those were the costs entailed consequent upon the error committed by the circuit court.

The agreed statement of facts being in the nature of a special verdict, we must declare the law arising thereon, even though impressed with the conviction that the amount in controversy should not justify the appeal. But we have nothing to do with the right of appeal given by the law-making power.

It results that the judgment of the circuit court is reversed and the cause remanded. All concur.