JOHN M. JENNINGS, Respondent, v. ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY, Appellant.

St. Louis Court of Appeals, November 20, 1894.

Costs: EFFECT OF REVERSAL OF JUDGMENT BY APPELLATE COURT. When the judgment of the trial court is reversed on appeal, the reversal entitles the successful party to the costs which accrued in the trial court after the rendition of the judgment and to the costs in the appellate court, including the transcript fee. The costs of the trial prior to the rendition of the judgment will abide the final determination of the suit.

*Appeal from the St. Louis City Circuit Court.*—HON. JACOB KLEIN, Judge.

AFFIRMED.

*H. S. Priest* and *H. G. Herbel* for appellant.

*Kehr & Tittman* for respondent.

BIGGS, J.—This controversy arises on a motion to retax costs. The plaintiff sued the defendant for damages. On the first trial he recovered a judgment, which the supreme court, on the defendant's appeal, reversed. On the second trial he obtained a second judgment, which the supreme court affirmed. After the final determination of the case, the clerk of the circuit court taxed against the defendant the costs of the first trial accruing prior to the entry of the judgment. The contention of the defendant is that all of the costs of the first trial should have been taxed against the plaintiff. The circuit court ruled to the contrary, and the defendant has appealed.

Section 2931 of the Revised Statutes provides in substance that, if a person sues out a writ of error or appeals from a judgment of any court to the supreme court, or to the court of appeals, and such judgment is reversed, then the appellant or plaintiff in error, as the case may be, "shall recover his costs." Section 2925 reads: "In all actions not founded on contract, the damages claimed in the petition shall determine the jurisdiction of the court, and if the plaintiff recover any damages he shall recover his costs.

The effect of the reversal of the judgment by the supreme court was to impose on the plaintiff the payment of all costs entailed by the illegal judgment. This, we take it, included the costs accruing in the circuit court after the rendition of the judgment and also those in the appellate court, including fees for transcript. The other costs of the trial would abide the final determination of the suit, and be taxed against the unsuccessful party. This is the common sense of

the statute.   It is the view of the Kansas City court of appeals ( *Clifton v. Sparks*, 29 Mo. App. 560), and is the practice adopted by the circuit courts throughout. the state, so far as we are advised.

The judgment of the circuit court will be affirmed.. All the judges concur.