Moore v. Emerson.

ANDREW MOORE, Respondent, v. LUKE M. EMERSON, Appellant.

St. Louis Court of Appeals, May 21, 1895;. Motion for Rehearing Overruled September 24, 1895.

Sales: WARRANTY: EFFECT OF PROVISION FOR RETURN. A right of action exists for the breach of a warranty made in the sale of an animal, though the contract expressly provides that the purchaser may return the animal and receive another in its stead if it fails to satisfy the warranty after trial for a specified time; in such case, the right of return is a cumulative remedy.

*Appeal from the Ralls Circuit Court.*—HON. REUBEN F. ROY, Judge.

AFFIRMED.

*J. P. Wood* and *Fagg, Ball & Hicks* for appellant.

*J. O. Allison* and *J. D. Hostetter* for respondent.

BOND, J.—Plaintiff sues for the breach of an express warrant in the sale to him by defendant of an imported jack, claiming damages at $1,207.50. The answer of defendant is a general denial, and a plea of mutual rescission and determination of the contract in consideration of the sale by defendant of a second jack at a reduced price.

On the trial, plaintiff gave evidence tending to show that he purchased the jack for $1,100 in cash, at which time defendant executed a written warranty, to wit:

"BOWLING GREEN, Mo., Sept. 20, 1892.

"This is to certify that I have this day sold to Andrew Moore, of Charleston, Illinois, one imported jack; and I hereby guarantee said jack to be a good

performer, and a sure foal getter and sound and all right every way. In case, with proper care and handling, after nineteen months' trial, said jack does not prove a sure foal getter, then the purchaser shall have the right to return said jack and receive another of same breed and value, or, any time that the jack fails to perform, then the purchaser shall have the right to return said jack.                LUKE M. EMERSON."

The evidence also tended to prove that plaintiff took the jack to his farm, and in October and November of said year bred seven mares to him, none of whom foaled; that the jack was properly tested and subsequently found incapable as a breeder; that the jack died in the spring following; that plaintiff notified defendant of the death of the jack, and defendant replied inviting plaintiff to come and purchase another at a reduction of $300; that plaintiff bought a second jack of defendant, paying therefor $700, which plaintiff thought was his actual value, though defendant claimed he was worth $1,000; that nothing was said at the time of this transaction about the failure of the first jack in the faculty guaranteed, and no agreement made for release of claim for the impotency of the first jack; that plaintiff did not then know of his disability in this respect.

The evidence for defendant tended to show that the second jack was sold to plaintiff at a reduced price in consideration of plaintiff's release of any claim under the warranty given on the sale of the first jack; it also tended to show that the tests of capacity in the first jack were not made under favorable conditions. The jury returned a verdict for plaintiff for $1,100, from which defendant appeals.

All of the grounds urged for a reversal depend upon the construction of the written guarantee, *supra*.

Moore v. Emerson.

Defendant claims that the warranty therein expressed is limited or conditioned in its operation by the subsequent clause, giving the purchaser "the right to return said jack and receive another of the same breed and value," in case the first jack, after nineteen months' trial, does not meet the requirements of the warranty. If this contention can be sustained, then the argument of the defendant that there was a total failure of proof in the case legitimately follows; for the jack died about five months after his purchase, and hence there was not, and could not be, any evidence tending to show that said jack had been subjected to trial for nineteen months, and then tendered to defendant in exchange for a second of the same breed and value. On the other hand, if the construction of the foregoing warranty claimed by defendant can not be sustained, the judgment of the trial court must be affirmed; for the evidence as to the incapacity of the jack in the quality warranted is ample, and the verdict in accordance with that evidence can not be disturbed if it was secured without legal error—and it is not insisted that the court committed any error in its instructions or rulings, if the warranty in suit was not restricted by the clause relied on by defendant, but was absolute and unconditional.

The collateral contract of warranty, *supra*, contains, in addition to the express warranty of breeding qualities in the animal sold, an agreement on the part of the seller to take him back and give another in exchange, if he fails to fulfill the warranty in a specified time. It does not contain any term or stipulation binding the purchaser to exercise the right to return the animal afforded him by the agreement of the vendor. Still less is there anything in the contract, evidencing an agreement on the part of the purchaser to return the animal. As far as the obligations of the

contract are concerned, they are unilateral and rest upon the vendor. It is the well settled law in this country that a right of action for breach of warranty exists, although the vendor expressly agreed to take back the animal if it failed to correspond to the warranty. In such case the right to return is merely a cumulative remedy. *McCormick v. Dunville*, 36 Iowa, 645; *Douglas, etc., Co. v. Gardner*, 10 Cush. 88; *Mandel v. Buttels*, 21 Minn. 391; *Perrine v. Serrell*, 30 N. J. Law, 454.

The rule in England since *Kiddel v. Burnard*, 9 M. & W. 668, is that a warranty as to soundness is a warranty *in presenti*, and not a continuing warranty. That rule is the prevailing one in this country, and, to constitute a breach of warranty, the defect must be in existence at least in an incipient or latent stage at the date of the sale. *Bowman v. Clemmer*, 50 Ind. 10; *Merrick v. Bradley*, 19 Md. 50; *Woodbury v. Robbins*, 64 Mass. 520; *Fondren v. Durfee*, 39 Miss. 324. Unless, therefore, the subsequent clause necessarily qualifies the preceding general warranty, the decision of the trial court was correct, because there was substantial evidence tending to show that at the date of the sale, or as soon thereafter as the matter could be tested, the jack proved to be not a sure foal getter. Suppose the jack would have proved a sure foal getter at the date of the sale, and yet within nineteen months would have become wholly impotent without any fault of the vendee, would it be contended that the vendee could have returned him and claimed a breach of the warranty? The warranty is very inartificially drawn, yet, taking into consideration that warranties of this kind, in the absence of restricting or enlarging clauses, must be considered to be warranties of the condition of the animal at the date of sale, we must conclude that the trial court properly construed it.

This construction is not opposed by the cases cited by counsel for appellant. These authorities, as will be seen upon examination, are to the effect only that an express warranty may become a conditional one by the insertion of apt words requiring compliance by the purchaser with the specified condition or limitation before the obligation of the warranty shall attach. Obviously, the warranty under consideration in this case does not in terms impose any duty upon the purchaser as a condition precedent to a claim for its breach. He was entitled, therefore, to sue for a breach of the warranty without first tendering the jack to the defendant. *Martin v. Maxwell*, 18 Mo. App. 180. The result is that the judgment in this case will be affirmed. All concur.