GEORGE F. TOWER, Appellant, v. GUSTAV A. PAULY, Respondent.

St. Louis Court of Appeals, December 8, 1896.

1. Costs, Taxation of, on Amendment of Pleadings: DISCRETIONARY POWER OF TRIAL COURT. Where a cause is tried repeatedly on the same issues, the final result determines the right of either party to the entire costs, regardless of the result of former trials, but this does not deprive the trial court of discretion in awarding or denying costs; and, where the court properly exercises its discretion, the appellate court will not interfere.

2. Warranty, Construction of. A warranty that, "I herewith guarantee the above furnace to warm your house to 70 degrees, when thermometer is 0; and I will further promise that if anything about furnace is not understood, any alteration that should be necessary to accomplish the above, will be done free of charge," is not conditional, but absolute; and it was error to treat the warranty as conditioned upon the nonfulfillment of defendant's promise to make such alterations free of charge as would bring the heating capacity of the furnace in zero weather to seventy degrees.

3. ———: PLEADING. In such case, where it was conceded that the furnace was sold by defendant to be used for heating a particular house of plaintiff to seventy degrees in zero weather, and the warranty did not expressly state that the reasonable and careful use of the furnace was a condition precedent to defendant's complying therewith, though such condition was implied, it was not incumbent on plaintiff to aver in his petition that the furnace was thus used by him, where it was alleged it was "insufficient and incapable of heating said dwelling to seventy degrees" in such weather, which implied it had been so used.

4. ———: ———: DAMAGES. It was error to strike from the petition a claim for damages which were reasonably within the contemplation of the parties, and neither too remote, nor speculative.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL DILLON, Judge.

REVERSED AND REMANDED.

*Edward S. Robert* and *Charles S. Reber* for appellant.

The court erred in sustaining defendant's motion to strike out. Where goods delivered to the buyer are inferior in quality to that which was warranted, and the warrantor knew of the use for which the article warranted was intended, consequential or special damages may be recovered for the breach. *Ford v. Illinois Refrigerator Com. Co.*, 40 Ill. 222; *New York, etc., Mining Co. v. Fraser*, 130 U. S. 611; *Sinker, Davis & Co. v. Kidder*, 120 Ind. 521–531; *Accumulator Co. v. Dubuque St. R'y Co.*, 12 C. C. A. 39, 46; *Ferris v. Comstock F. Co.*, 33 Conn. 513; *Buman v. Banta*, 118 N. Y. 538; *Thomas v. Dingley*, 70 Me. 100; *Swaith v. Schaeffelin*, 134 N. Y. 472; *Smith v. Green*, 1 C. P. D. 92, 45 L. J. C. P. 28.

The court erred in not taxing against defendant all costs accruing prior to the judgment in the first trial. *Jennings v. Railroad*, 59 Mo. App. 530; *Clifton v. Sparks*, 29 *Id.* 560.

*Lubke & Muench* for respondent.

The matter of allowing amendments is largely discretionary with the trial court, and the appellate court will not interfere, unless the exercise of that discretion has been arbitrary and unjust. *Ensworth v. Barton*, 67 Mo. 623.

It was the duty of the trial court to construe the contract, as set out, by looking into all parts of it, and giving every part its effect. *Haddaway v. Post,* 35 Mo. App. 283, and cases cited. See, also, *McCullough v. Holmes,* 111 Mo. 445.

When a pleading contains irrelevant, redundant, or evidential matter, the proper practice is to move that it be stricken out. R. S. Mo., sec. 2057.

In an action for a breach of contract only such damages can be recovered as were within the contemplation of the parties when the contract was made. 1 Suth. on Dam., pp. 74–93; *Rogan v. Railroad,* 51 Mo. App. 665.

ROMBAUER, P. J.—This is the second appeal in the cause. It is taken by the plaintiff, who assigns for error that the taxation of certain costs against him was erroneous, and that owing to erroneous rulings of the trial court his recovery of damages was inadequate. The first appeal was taken by the defendant and our opinion thereon is reported in 51 Mo. App. on pages 75 and following. The plaintiff's former action, in which he recovered full damages, was tried on the theory that the plaintiff had rescinded a contract of the sale of a furnace sold to him by the defendant with warranty as to its quality. We held that under the facts shown upon the trial that action could not be maintained because the right of rescission was not exercised by the plaintiff within a reasonable time. In remanding the cause, however, we suggested that the plaintiff if so advised might amend his petition and sue for a breach of the warranty.

When the cause reached the trial court, upon being remanded, the plaintiff asked and obtained leave to file an amended petition in conformity with our suggestion. This amended petition set out the sale of

the furnace to plaintiff with the defendant's warranty, the breach of the warranty, and prayed judgment for the damages caused to the plaintiff by the breach. The defendant thereupon moved that all costs theretofore accrued in the cause be taxed against the plaintiff, because by the amendment of the petition he had substantially changed his cause of action. This motion the court sustained entirely at first, but afterward it so modified its order as to limit it to certain costs only. This order of the court is assigned for error by the plaintiff, who claims that under the statute in this state all costs in the cause had to abide the final result, and that as he was the successful party at the last trial he was entitled to have judgment in his favor for all the costs.

It is unquestionably true that where a cause is tried repeatedly on the same issues, the final result determines the right of either party to the entire costs, regardless of the result of former trials. That such is the law has been repeatedly decided. *Clinton v. Sparks,* 29 Mo. App. 560; *Jennings v. Railroad,* 59 Mo. App. 530. It does not follow however, that this deprives the trial courts of discretion in awarding or denying costs. Section 2089 of the Revised Statutes expressly provides that amendments may be made in furtherance of justice and on such terms as may be proper, and the power of the court to impose costs on the party seeking a radical amendment of his pleadings has never been denied. In the case at bar the power was not exercised oppressively against the plaintiff. The amendment substantially changed his claim, and while we were of opinion that it was admissible under a liberal construction of the statute, we did not advise the trial court on what terms it should be granted. The terms on which it was granted were proper. Had the plaintiff been driven to a new action, as he might have

been but for the liberality of the court, all these costs would have unavoidably been chargeable against him. Amendments should be allowed on terms which are not prejudicial to the other party. *Lee v. Bobst*, 9 Mo. 28.

The warranty sued on was one attached to the bill rendered by the defendant to the plaintiff, and was in words and figures as follows:

"I herewith guarantee the above furnace to warm your house to 70 degrees, when thermometer is o; and I will further promise that if anything about furnace is not understood, any alteration that should be necessary to accomplish the above (heating in zero weather) will be done free of charge.

(Signed) .                              "G. A. PAULY."

The plaintiff after stating in his petition that the furnace was sold to him with the above warranty for a specified house, and further stating facts showing its breach, proceeded to state his damages as follows: "*That by reason of the foregoing said dwelling was cold and uncomfortable to plaintiff's great discomfort and damage in the sum of five hundred dollars.* That by reason of the premises said furnace had to be removed from said house, being worthless, to plaintiff's damage in the sum of four hundred and twenty-five dollars. *That by reason of the premises plaintiff had to keep two grate fires burning in said house the greater part of the winter, thereby consuming fifty dollars of extra fuel, to plaintiff's damage in the sum of fifty dollars.*" The court upon the defendant's motion struck out the italicized allegations, and the defendant excepted, and now assigns this action of the court for error.

The motion filed by the defendant was that said several parts of said third amended petition are irrelevant and redundant matters; that the defendant's warranty is alleged to have been in writing and can not be

enlarged, and that said claims for damages are remote and not recoverable upon a breach of defendant's express contract, and some of said matters above specified are evidential only.

We conclude that the court erred in sustaining as above the motion to strike out part of plaintiff's petition. The defendant as well as the court, seemed to have treated the warranty as one conditioned upon the nonfulfillment of defendant's promise to make such alterations free of charge as would bring the heating capacity of the furnace in zero weather to seventy degrees. The sentence in defendant's motion that "the warranty is in writing and can not be enlarged," the court's ruling on the motion, and the defendant's argument in this court, confirm that view. This construction of the warranty is erroneous. The warranty is not conditional, but absolute, hence the numerous cases decided by this court on the effect of conditional warranties have no application. The promise of the defendant furnished to the plaintiff a cumulative and not an exclusive remedy. We have heretofore decided in the analogous case of *Moore v. Emerson*, 63 Mo. App. 137, that promises of a similar character are unilateral in their nature, and furnish to the vendee an additional, and not an exclusive, remedy. English and American cases on that subject are reviewed in the decision referred to. The vendee may exhaust the promise and his doing so may operate as a waiver of the breaches of the warranty, that however has no tendency to show that he is confined to the promise.

It is conceded that the furnace was sold by defendant to be used for heating a particular house of the plaintiff, to seventy degrees in zero weather. Had the warranty expressly stated that the reasonable and careful use of the furnace was a condition precedent to its complying with the warranty, it would have been

incumbent upon the plaintiff to make the averment in his petition that the furnace was thus used by him. While that condition is implied, the omission to state in express terms in the petition does not render that instrument fatally defective because it is implied in the statement contained in the petition "that said furnace was *insufficient and incapable* of heating said dwelling to 70 degrees in zero weather." The damages claimed in those parts of plaintiff's petition, which were stricken out, were neither too remote, nor speculative. They were damages which were reasonably within the contemplation of the parties under the rule formulated in *Hadley v. Baxendale*, 9 Exch. 341. Damages which seem to be more remote than those claimed in the plaintiff's petition have been frequently allowed. *Beeman v. Banta*, 118 N. Y. 540; *Swaith v. Schaeffelin*, 134 N. Y. 471; *New York Mining Company v. Fraser*, 130 U. S. 611; *Ferris v. Comstock Ferre Company*, 33 Conn. 513; *Thomas v. Dingley*, 70 Maine, 100.

Owing to this initial error on part of the court, and the evident misconstruction of the meaning of the written warranty, other errors crept into the trial, which it is needless to notice in detail, as we trust they are not likely to recur upon another trial. The judgment can not be sustained, as the errors hereinabove noted were clearly prejudicial to the plaintiff. In view of the fact that this cause has been twice mistried, although each trial resulted in a judgment in plaintiff's favor, we suggest to the parties whether it would not be preferable for them to agree upon the damages which the plaintiff is entitled to recover and permit us to direct the trial court to enter judgment for such amount, thereby avoiding the costs of the retrial, and the chances of another mistrial. As now advised we are bound to reverse the judgment and remand the causes for another trial. So ordered. All the judges concur.