GEORGE A. BUSH, Appellant, v. W. F. NORMAN, et al., Respondents.

Kansas City Court of Appeals, November 29, 1920.

1. **COSTS: Motion to Retax Costs: Final Judgment: Expiration of Term.** A motion to retax costs after the judgment term does not reach those costs which are a part of the judgment itself, but can only affect errors or mistakes of the clerk in taxing costs.

Bush v. Norman.

2. ————: **Judgment: Power of Court During Term.** During the term the judgment was in the breast of the court and it could therefore have modified said judgment of its own motion on proper grounds justifying such action.

3. ————: Motion to **Retax Regarded as an Application to Modify Judgment.** Since it was in the power ·of the court upon proper grounds to modify its judgment at the term it was rendered the motion to retax can be regarded as in the nature of an application to modify, even though it does not appear that the modification was sought in the motion for new trial and the court acted on said motion to tax after overruling the motion for new trial.

4. ————: **Prevailing Party Shall Recover Costs: Court's Discretion: Costs Abide Final Determination of Cause After Reversal.** Under section 2262, Revised Statutes 1909, the prevailing party shall recover his costs, unless there are facts and conditions which will justify the court's discretion in adjudging the costs otherwise, and even in cases in which the judgment is reversed and the cause remanded, the costs, of the trial so set aside, abide the final determination of the suit.

5. ————: **On Motion Giving or Refusing Costs Discretionary: Discretion Not Properly Exercised Reviewable.** Under section 2264, Revised Statutes 1909, giving or refusing of the costs on motion is at the discretion of the court, yet in such matters, as in all others, the discretion is to be exercised properly and upon grounds calling such discretion into existence and when such discretion is not properly exercised it is reviewable.

6. **ABUSE OF DISCRETION: Costs Against Prevailing Party not Justified by the Fact That an Amended Petition was Filed After Remand of Cause: Party Liable Only for Costs Caused by Own Error.** Where the evidence underr original and amended petitions supporting plaintiff's cause of action in the first trial is the same in the second trial, the error of plaintiff in the trial under the first petition did not increase the costs any more than in any other case which is reversed and remanded for error committed at the trial, such costs abide the result of the case and are adjudged against the party, who finally loses the suit, and the court, in taxing against plaintiff all the costs of the trial prior to the amendment abused its discretion and should have taxed only those additional costs incurred by reason of the error caused by plaintiff.

Appeal from the Cass County Circuit Court.—*Hon. Ewing Cockrell*, Judge.

REVERSED AND REMANDED.

*M. T. January* and *A. A. Whitsitt* for appellant.

*W. H. Hallett* and *W. M. Bowker* for respondent.

TRIMBLE, J.—The controversy involved in this appeal is over the action of the trial court in adjudicating costs against the plaintiff in a case wherein he was the prevailing party.

Plaintiff sued defendant for direct and consequential damages sustained by reason of the failure of defendants to erect, in accordance with contract, a silo on defendant's farm. A judgment was recovered and defendant appealed, resulting in a reversal of the judgment and a remanding of the cause. [See Bush v. Norman, 199 S. W. 721.]

When the case went back to the trial court, plaintiff filed an amended petition eliminating the feature of rescission so as to place the plaintiff's cause of action unequivocally upon the ground of a breach of the building contract, and direct and consequential damages were again asked, the only difference as to damages being that the direct damages in the original petition were placed at $40, the amount paid for the building, whereas in the amended petition the direct damages, though placed at the same amount, was the difference, between the value of the building erected (alleged in the amended petition to be worthless), and the value it would have been had it been erected according to contract. There was no change as to the consequential damages, either in amount or in theory of recovery.

After said amended petition was filed, defendant filed a motion to tax the costs accruing by reason of the former trials on the original petition against the plaintiff; and at the request of both parties, the hearing on the motion was postponed until after the trial then to be had on the amended petition.

The case was then tried resulting in a verdict and judgment for plaintiff, rendered on the 14th of January, 1920, for $246.10 direct damages because of defects in

the silo and consequential damages therefrom for loss of silage $135, aggregating $381.10 and *costs were adjudged against defendant.* Two days thereafter, to-wit on January 16, 1920, and at the same term, defendant filed a motion praying that "all of the costs accruing herein up to the filing of said amended petition, except the necessary costs for filing and docketing the original petition and issuing and serving the original summons, and except costs incident to change of venue taken by defendants be taxed against the plaintiff.

The court overruled the defendant's motion for a new trial and then sustained the motion to tax costs and taxed against plaintiff "all costs of trial on the original petition upon which the cause was reversed by the Court of Appeals except" the costs incurred in, and incidental to, the bringing of defendant into court and the change of venue taken by the defendant. From this order taxing costs, the plaintiff has appealed.

It will be observed that by the judgment rendered on January 14, 1920, the costs were adjudged against defendant, and the costs being such as are a part of the judgment of the court, appellant contends that such costs cannot be reached by a motion to retax but only by a motion for new trial. It is undoubtedly true that a motion to retax costs *after* the judgment *term,* does not reach those costs which are a part of the judgment itself but can only affect errors or mistakes of the *clerk* in taxing costs. [Mann v. Warner, 22 Mo. App. 577; Bosley v. Parle, 35 Mo. App. 232; Beecham v. Evans, 136 Mo. App. 418.] But here the motion to retax was filed at the same term of the court the judgment was rendered and within the four days allowed for filing motions for new trial. And defendant contends the motion is, in effect, an application to the court to correct or modify its judgment, and, being timely filed, the court has jurisdiction to sustain it. [Paul v. Minneapolis, etc., Machine Co., 87 Mo. App. 647, 656; Beecham v. Evans, 136 Mo. App. 418, 420; Berberet v. Berberet, 136 Mo. 671, 673.] We need not go into the question of what effect the filing

of the original motion to tax costs *before* the last trial
and the postponement of the hearing thereon at the re-
quest of both parties until after the last trial, have upon
the question now before us; nor need we go into the ques-
tion whether the recital in the court's order that such
postponement, was at the request of both parties, proper-
ly makes that fact a part of the record so as to bring it
to our notice. [See Kansas City v. Boyer, 202 S. W. 1086.]

Owing to the fact that there was *also* a motion for
new trial which was overruled *before* the motion to retax
was acted upon, there may be some question whether this
affects our right to consider the motion to retax as in the
nature of a motion for new trial or an application to
modify the judgment. During the term, the judgment
was in the breast of the court and it could, therefore, have
modified said judgment of its own motion, on proper
grounds justifying such action. True, the better proce-
dure in that event would have been to set aside the former
judgment and then re-enter it modified as to costs, so that
there would be but one entire judgment on the records.
But this, it would seem, is a matter of form rather than
of substance, and, since it was in the power of the court,
upon proper grounds, to modify its judgment at the term
it was rendered; we prefer to dispose of the appeal on
the theory that the motion to retax can be regarded as
in the nature of an application to modify even though it
does not appear that the modification was sought in the
motion for new trial and even though the court acted on
said motion to tax after overruling the motion for new
trial. We do this the more readily because, as we view it,
the *extent* to which the trial court went in retaxing the
costs cannot be justified even if it be granted that the
motion to retax can be regarded in the light of a request
to modify.

Unless there are facts or conditions which will justi-
fy the court's discretion in adjudging the costs otherwise,
the prevailing party shall recover his costs. [Sec. 2263,
R. S. 1909.] And even in cases in which the judgment is
reversed, and the cause remanded, the costs, even of the

trial so set aside, "abide the final determination of the suit." [Jennings v. St. Louis, etc., R. Co., 59 Mo. App. 530, 531; Clifton v. Sparks, 29 Mo. App. 560; Buckman v. Missouri, etc., R. Co., 121 Mo. App. 299.]

The basis of the court's action in taxing costs against the plaintiff, although he was the prevailing party, was the fact that after the cause was remanded by this court, the plaintiff filed an amended petition. Now, section 1848, Revised Statutes 1909, authorizes amendments "in furtherance of justice, on such terms as may be proper," etc. And if we may concede that the retaxing of the costs at the time it was done was a condition imposed by the court for allowing the amendment, yet such condition must be "just and proper;" and, while the giving or refusing of costs on motion is at the "discretion of the court" under section 2264, Revised Statutes 1909, yet in such matters, as in all others, the discretion is to be exercised properly and upon grounds calling such discretion into existence. [Minor v. Gerhart, 122 Mo. App. 124.] Such discretion is not absolute, but, when not properly exercised, is reviewable. [Hays v. Thomas, 3 Mo. 335.] Was the extent to which the court went in taxing the costs against plaintiff, the prevailing party, justified by the mere fact that an amended petition was filed? We think not.

It is manifest upon a reading of the opinion reversing, the former judgment and remanding the cause for a new trial, that the same was done not because the petition pleaded a wrong cause of action, but because of an error in the instruction on the measure of the direct damages. The petition was such as would have been good after verdict even though defective in some particulars, in the absence of any attack therein at the trial, and there was none. The petition, in such case, would have been sufficient to sustain the judgment had the cause been submitted on the proper measure of damages with evidence to sustain it. The opinion says, 199 S. W. 1. c. 722, "all the facts necessary to constitute a cause of action for damages, direct as well as consequential, aris-

ing from the alleged breach of the building contract are contained in the petition and, if established as true, entitle plaintiff to a recovery upon a trial had according to the correct theory and the proper measure or measures of damages.''

So far as concerns the consequential damages, the evidence which would support plaintiff's cause of action in the first trial would support his cause of action in the second, or, in other words and in the very nature of things, the same evidence, as to this feature, offered in the first trial would be required in the second. And the evidence in the first trial tending to show that the building was not up to contract would tend to establish the breach thereof in the second trial. In other words, so far at least as concerns the far greater portion of the evidence used in the trials under the original petition, it would be as applicable to the second as to the first trial. So that, as to the evidence which was the *same* under the original and amended petitions, the error of plaintiff in the trials under the first one did not increase the costs any more than in any other case which is reversed and remanded for error committed at the trial. And in those the costs made in both trials ''abide the result of the case and are adjudged against the party who finally loses the suit.'' So that we do not think the court should have gone to the extent of taxing against plaintiff all the costs of the trials prior to the amendment, but should have taxed only those additional costs incurred by reason of the error in specifying the direct damages on the theory of rescission of contract instead of on the theory of a breach of a building contract. No doubt the trial court was induced to sustain the motion by reason of the fact that costs were taxed against plaintiff in Tower v. Pauley, 67 Mo. App. 632, after that cause had been remanded in 51 Mo. App. 75. But it does not appear from the former how *far* the court went in taxing said costs. It is clear that only a part thereof were taxed against plaintiff, and all that the appellate court decided in reference to that matter was that the court

could impose such terms as were *proper* on a party seeking a "radical amendment" and that "the power was not exercised oppressively" and that the terms were *proper*. Again, in that case the amendment was such a "substantial change" of plaintiff's claim that he "could have been driven to a new action." Not so in the case a bar. Here the same cause of action for consequential damages was in the first petition as in the second, and, as pointed out in the former opinion herein, the petition contained enough facts to support a claim for both kinds of damages sought in the second trial. In the absence of any attack on the petition, it would have supported the judgment had the instruction submitted the proper measure of the direct damages. There was no entire failure of proof to support the cause of action as there was in the first trial of the case of Street v. Bushnell, 24 Mo. 328, wherein the court held that, in such event, the plaintiff could be required to pay all the costs accruing therein. So in the case of Buis v. Nestler, 203 S. W. 221, 222, there was a failure to recover on two out three of the counts in the petition and hence two-thirds of the costs, or the costs made in attempting to sustain the two counts the plaintiff failed to sustain, were properly taxed against him. Plaintiff, in the case at bar, however, could not have been forced to take a nonsuit; and yet because of the amendment eliminating the rescission feature and placing the direct damages on the lessened value of the building instead of the price thereof, the plaintiff is taxed with *all* of the costs of the trials on the original petition. We think that the furthest the court should have gone would have been to tax against plaintiff only those *additional* costs, if any, created by the evidence used in specifying the direct damages on the wrong theory and the other or different evidence used and needed in specifying such damages according to the true theory. In this way plaintiff would be compelled to pay only those additional costs his error caused to be made.

The judgment is reversed and the cause is remanded with directions to tax costs against plaintiff only to the extent herein indicated.

All concur.