CROUCH, Defendant in Error, *vs.* PLUMMER, *et. al.*, Plaintiffs in Error.

1. Under the act concerning "fees" (R. C. 1845,) a sheriff is not entitled to a *per diem* both for the attendance of himself and his deputy upon the same court.

*Error to Newton Circuit Court.*

*James B. Gardenhire,* for plaintiffs in error.

RYLAND, Judge, delivered the opinion of the court.

Milner F. Crouch, as sheriff of Newton county, presented to the Circuit Court of said county an account for examination and allowance, of which the following is a copy, viz :
" Newton county, to M. F. Crouch, Dr.
Newton county Circuit Court, November term, A. D. 1850.

| | |
|---|---:|
| For summoning grand jury, | $4 00 |
| For six days' attendance on said court, as sheriff, at $1 50 per day, | 9 00 |
| For serving ten spas. to go before grand jury, at 50 cents each, | 5 00 |
| Keeping fire, &c., | 4 00 |
| Three non-ests on spas. before grand jury, at 10 cts., | 30 |
| For six days attendance by deputy sheriff, at $1 50 per day, | 9 00 |
| Total, | $31 30" |

On this account was the following statement, made by the circuit judge and the circuit attorney, and signed by them :
" We have examined the above bill of costs, and find it to be correct, and allow the sum of thirty-one dollars and thirty cents, and order the clerk of the Circuit Court to certify the same to the County Court for payment."

This account was accordingly certified by the clerk of the Circuit Court to the County Court for allowance and payment. The County Court allowed the sum of twenty-two dollars and thirty cents, and rejected and refused to allow the item of nine dollars, charged for six days attendance of the deputy sheriff, as stated in said account.

At the May term of the Circuit Court, in the year 1851, the

said Milner F. Crouch filed his petition in said court, praying for a mandamus to the County Court, directing and requiring that court to allow the said item of nine dollars in said account, which they had refused before that time to allow, or to show cause why a peremptory mandamus should not be awarded, commanding said court to allow the same.

In his petition he states, that the County Court refused to allow him the sum of nine dollars certified to them for his attendance on the Circuit Court, as sheriff, six days, at November term of the Circuit Court, 1850. The County Court filed their answer denying the facts set forth in his petition, and stated that they did audit, allow and pay the same.

The petitioner, upon the hearing of the application, after the County Court had put in their answer, offered a certified copy of the record of the proceedings of the County Court, had upon the application of the petitioner before that court, to have the account audited, allowed and paid; which said copy of the record is as follows:

" Newton County Court—November term, A. D. 1850.

" This day comes M. F. Crouch, and presented an account against the county of Newton, for services rendered as sheriff of said county, at the November term of the Circuit Court, A. D. 1850, amounting in all to the sum of thirty-one dollars and thirty cents. The court, after having examined said account, do order that the item of nine dollars in said account charged, as per diem allowance, as deputy sheriff, be stricken out from said account, and that the aforesaid M. F. Crouch be allowed the sum of twenty-two dollars and thirty cents ; and that a warrant issue for the last named amount, as per account filed." This was all the evidence. The Circuit Court ordered that a peremptory mandamus issue. The County Court excepted to this, and brings the case here by writ of error.

1. In this case, the Circuit Court erred in ordering a peremptory mandamus. The answer of the County Court was sustained by the record offered in evidence, and it overturned the case set forth in the petition. There was no basis left for

Crouch *v.* Plummer et al.

the Circuit Court to issue a peremptory writ upon. The petitioner alleges that the County Court refused to audit, allow and pay the item of nine dollars for his services as sheriff, in attending the Circuit Court six days, at November term, 1850.

The County Court deny this, and say that they did audit, allow and pay the same. The proof of it is, that the whole amount is allowed the petitioner by the County Court, except the item of nine dollars ordered to be allowed by the circuit judge and circuit attorney, for the six days' attendance on the Circuit Court, at November term, 1850, by the deputy sheriff. There were two items of nine dollars each—one for the attendance on the Circuit Court at November term, 1850, six days, by the sheriff, M. F. Crouch. The other, for six days' attendance on said court, at same term, by the deputy sheriff.

This last item was rejected by the County Court, and very properly rejected. The law no where permits the sheriff and his deputy, each, for the daily attendance on the court, to claim one dollar and fifty cents. The sheriff is allowed the sum, but he only is allowed it. If the attendance be by a deputy, the fee is allowed in the name of the sheriff. There are some counties where the business of a sheriff requires several deputies, yet no one ever before supposed the sheriff and each deputy could claim the daily allowance for attending the same court. R. C. 1845. Statute concerning fees, p. 498. Sheriffs' fees in civil cases, "for attending each court, per day, one dollar and fifty cents." This is the law authorizing the Circuit Court to make the allowance to the sheriff, but this does not authorize an allowance to the sheriff and to his deputy too, at the same term, for the attendance of each. The fee bill produced in this case, by the sheriff, does not come within the twenty-second section of the second article of the act concerning costs. R. C. 1845, p. 251. It was for services rendered as sheriff, not in any criminal case, but in performing general duties belonging to his office. It was not a "bill of costs," within the meaning of said section. It was the right of the County Court to examine the account produced for allow-

ance, and if that court found that in such account charges had been made for services not by law permitted to be charged against the county, it was the duty of the court to reject and refuse to allow for such.

The judgment of the Circuit Court ordering a peremptory mandamus to the County Court in this case, is erroneous. It must, therefore, be reversed—and the other judges concurring, the same is reversed.