BUCKMAN, Respondent, v. MISSOURI, KANSAS & TEXAS RAILWAY COMPANY, Appellant.

St. Louis Court of Appeals, December 22, 1906.

1. **COSTS: Retaxing Costs: Costs of Appeal.** The losing party in the appellate court should be taxed with the costs preparatory to the appeal, including that of motions for new trial and in arrest of judgment, affidavit for appeal, order granting appeal, filing appeal bond and cost of transcript.

2. ———: ———: **Filing Motions.** Section 3242, Revised Statutes of 1899, allows the clerk twenty cents for filing a motion and entering the order of the court in respect to it; he can not be allowed any additional cost for entering the order or the submission.

3. ———: ———: **Bill of Exceptions.** The clerk is allowed five cents for filing bill of exceptions and a charge in excess of that is without authority.

4. ———: ———: **Witness Fees: Mileage.** The service of a sub-poena out of this State is null and void and does not entitle the witness so subpoenaed to mileage in attendance upon court; and a witness properly subpoenaed in this State to attend a term of court cannot claim his mileage for attendance at a term after that to which he is subpoenaed.

5. ———: ———: **Separate Causes of Action.** Where a plaintiff prevails he is entitled to recover his costs against the defendant; though he states several causes of action and recovers on only one, he is entitled to all his costs including all witness' fees unless it can be shown that such witnesses testified, or were summoned to testify, only in respect to those counts of the petition in which judgment was rendered against the plaintiff.

Appeal from Monroe Circuit Court.—*Hon. David H. Eby,* Judge.

REVERSED AND REMANDED (*with directions*).

*George P. B. Jackson* for plaintiff.

(1) The cost of the witnesses summoned to testify on the issues involved in the first and second counts as well as the fees for subpoenas and serving these witnesses should be taxed against the plaintiff. R. S. 1899, sec. 1550; Turner v. Johnson, 95 Mo. 452. (2) The court also erred in refusing to disallow the fees of the two witnesses, H. R. and John Cline. These witnesses were clearly not entitled to any mileage. State ex rel. v. Seibert, 130 Mo. 202; Wilson v. Railroad, 108 Mo. 588. (3) All the costs that were made preparatory to and upon the appeal from the first judgment, should have been taxed against the plaintiff. These included all the costs in connection with motion for new trial, motion in arrest, affidavit and order for appeal and upon the bond and bill of exceptions. Clifton v. Sparks, 29 Mo. App. 560; Jennings v. Railroad, 59 Mo. App. 530. (4) The above cited cases as well as numerous other cases establish that there can be no costs charged or collected in this State except those authorized by statute and that the statute must be strictly construed and therefore all

the fees included in the fee bill in this case that are
not to be found in the statute fixing fees are unlawful
and the court should have stricken them out. Ford v.
Railroad, 29 Mo. App. 616; St. Louis v. Meintz, 107 Mo.
611; Baldwin v. Boulware, 82 Mo. App. 321; Watkins
v. McDonald, 70 Mo. App. 357; State ex rel. v. Hanley,
76 Mo. App. 631; Price v. Clevenger, 74 Mo. App. 894;
Hect v. Heim, 81 Mo. App. 370; Council v. Needlet, 85
Mo. App. 284; Veidt v. Railroad, 109 Mo. App. 102.

*J. H. Whitecotton* for respondent.

(1)  There is no testimony tending to show that
service was not regularly had on John Cline and H. R.
Cline and the law presumes the fees were regularly
claimed and taxed in the case.  The fee bill being regu-
lar on its face it will be taken to be prima facie correct
and the burden of showing its incorrectness is on him
who objects.  State v. Blemis, 27 Mo. 508.  (2)  The
record shows that the bill of exceptions was not filed in
time and therefore there is nothing for this court to do
but affirm the case.  Wetley v. Gibson, 71 S. W. 704.
(3)  The court will take judicial notice that the first
day of the December term, 1904, was December 5th.
There being no authority to file the bill of exceptions
in this case when filed, this case must be affirmed.  Rob-
ertson v. Boyd, 68 S. W. 976.

BLAND, P. J.—In the year 1898, respondent com-
menced an action in the Monroe Circuit Court against
appellant to recover the value of one mare, alleged to
have been run upon and killed by the locomotive engine
and cars of appellant.  The petition was in three
counts.  The first count alleged, in substance, that the
mare went upon appellant's track and was struck and
killed at a point where it was appellant's statutory duty
to erect and maintain fences along the sides of its rail-
road track, which it neglected to do.  The second count

alleged that the animal went upon the track and was struck and killed where appellant might have maintained fences but neglected to do so. The third count alleged that the animal, "while on appellant's track, was carelessly and negligently struck, injured and killed by the locomotive engine and cars of appellant, while the same were being carelessly and negligently run and operated by appellant's agents and employees. The case was twice tried. On the first trial, respondent dismissed as to the first count, and the jury returned a verdict in favor of appellant on the second count, and in favor of respondent on the third count, and judgment was rendered in conformity with the verdict. The railroad company appealed from the judgment against it and the case was reversed and the cause remanded for new trial. After the case was remanded, respondent filed an amended petition, in which he restated his three causes of action as stated in the original petition. Appellant filed a motion to strike out the first and second counts from the amended petition, which motion the court, in October, 1900, overruled and the case was continued for trial to December 27th following. The parties appeared on December 27th and the cause was tried, resulting in a verdict and judgment for respondent on the third count of the amended petition. An appeal was taken from this judgment, which was affirmed by this court. At the beginning of the second trial, appellant objected to the introduction of any evidence on the first and second counts. The court overruled this objection but near the conclusion of respondent's evidence, changed its mind and announced from the bench, that the order theretofore made overruling appellant's motion to strike out the first and second counts of respondent's amended petition, would be set aside and the motion sustained and the two counts stricken out. The substance of the judgment entered on the second trial is that respondent recover of appellant two hun-

dred and thirty dollars (the damages assessed by the jury) and his costs and that respondent take nothing by the first and second counts of his petition, and appellant recover its costs therein expended. The sum of four hundred and ninety-three dollars and thirty cents, was, by the clerk, taxed as costs in the case and an execution was issued against appellant for the whole of said costs. Appellant filed its motion to quash the execution and to retax certain costs shown on the fee bill, and to disallow certain other costs altogether. The court quashed the execution and, as requested, retaxed some of the costs, disallowed some items, but refused to retax and disallow other costs as requested in the motion. From the court's refusal to retax all costs as requested in the motion and to disallow certain other costs, an appeal was taken to this court.

1. In the motion the court was asked to tax against the respondent, the costs preparatory to and upon the appeal from the judgment rendered on the first trial, including motions for new trial and in arrest of judgment, affidavit for appeal, order granting appeal, filing appeal bond and cost of transcript. The court refused to so tax the costs. This was clearly error. [Clifton v. Sparks, 29 Mo. App. 560; Jennings v. Railway, 59 Mo. App. 530.]

2. The clerk taxed the cost on a motion to make the petition more definite and certain, twenty cents for the motion, thirty cents for submitting the motion, and thirty cents for order on the motion. The court disallowed the thirty cents for submission and allowed twenty cents for the motion and thirty cents for the order on the motion to stand. The statute 3242, R. S. 1899, allows to the clerk "for filing and entering every demurrer, motion, rule, or order, twenty cents." It has been held that this sum (twenty cents) is in payment both for filing the motion and entering the order of the court in respect to it. [Shed v. Railroad, 67 Mo. l. c.

690; Sinclair v. Railway, 74 Mo. App. 1. c. 503.] Similar items appear on other pages of the fee bill which should be corrected and the fees limited to twenty cents for filing any motion, rule or order entering the order of the court in reference thereto. Other charges of thirty cents are found in the fee bill as fees for submission. No such charges are authorized by law in a civil case and they should be disallowed.

3. The clerk taxed thirty cents for filing bill of exceptions. The statute allows but five cents for this service; twenty-five cents of this charge should be disallowed.

4. Henry and John Cline attended the second trial as witnesses, in December, 1900. They lived in Oklahoma and each claimed and was allowed eight hundred and ninety miles mileage in coming from and returning to his home in Oklahoma. A subpoena was served on one of these witnesses by a constable in the State of Illinois. The other one had been subpoenaed in this State to attend a prior term of the Monroe Circuit Court as a witness in the case, but he was not resubpoenaed to attend the October term, 1900. The service of the subpoena in Illinois, being beyond the jurisdiction of the court, was absolutely null and void. Neither of these witnesses were therefore served with a subpoena to attend the October term, 1901, of the Monroe Circuit Court to testify as witnesses in said cause and neither are entitled to mileage (State ex rel. v. Seibert 130 Mo. 202; 32 S. W. 670), and the mileage of these witnesses should have been disallowed.

5. In the motion the court was asked to tax two-thirds of the costs of the first trial to the respondent, on the ground that appellant prevailed on two counts of the petition while the respondent prevailed on but one. The statute (sec. 1547, R. S. 1899) provides that in civil actions "the party prevailing shall recover his costs against the other party, except in those cases in

which a different provision is made by law." When in an action at law, the defendant denies the right of the plaintiff to recover anything, and the plaintiff prevails upon any count in his petition, the court has no authority to apportion the whole of the costs, though the defendant may prevail upon the other counts. [Dupont v. McLaran, 61 Mo. l. c. 511.] The defendant is, of course, entitled to his costs which accrued solely in the defense of the counts upon which he prevailed, and all the costs which accrued on the first and second counts of the petition should be taxed to respondent. The appellant moved the court to tax the costs of all witnesses whose testimony was directed to the first and second counts to respondent. The court refused to comply with this request. The bills of exceptions filed in both of the appeals were offered in evidence and are incorporated in the transcript before us; an examination of the testimony of the witnesses, who testified on both trials, as recorded in the transcript, fails to show that the testimony of any one of them at either trial was confined to the second count, and there is no independent evidence tending to show that any witness who did not testify on either trial was subpoenaed to testify solely in respect to the first or second count. On both trials the witnesses who testified gave testimony relevant and pertinent to the issues made on the third count, and we conclude that the court did not err in refusing to tax witness fees to respondent as requested in the motion. The judgment retaxing costs to the extent they were retaxed is approved, but the judgment of the court in refusing to retax other costs and to disallow certain items as requested in the motion is disapproved. The judgment is therefore, in part, reversed and the cause remanded, with directions to the circuit court to retax other of the costs and to disallow certain items as herein indicated. All concur.