Scott L. INGLE, etc., et al., Plaintiffs,

v.

SEARS, ROEBUCK AND COMPANY,
Defendant.

No. CIV–2–76–18.

United States District Court,
E. D. Tennessee,
Northeastern Division.

Memorandum Opinion and Order
Jan. 4, 1977.

On Sufficiency of Bond Aug. 8, 1977.

Howell H. Sherrod, Jr., Johnson City, Tenn.; Rom Meares, Maryville, Tenn., and Edwin L. Treadway, Hunter, Smith, Davis, Norris, Treadway & Hadden, Kingsport, Tenn., for plaintiffs.

Sam Akers, and W. B. Luther, Luther, Anderson, Ruth & Cleary, Chattanooga, Tenn., for defendant.

MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

The plaintiff's application to dismiss voluntarily her claim herein of simple negligence hereby is GRANTED, including her claim as to the defendant's failure to exercise the reasonable care required under the provisions of Restatement of the Law (Second), Torts (2d), § 388.

The Court strikes also the plaintiff's claim under the provisions of the rule in the Restatement of the Law (Second), Torts (2d), § 552D. Those provisions have not been adopted in Tennessee to apply to claims of personal injury or wrongful death. *Cooper Painting & Coatings v. SCM Corporation,* C.A.Tenn. (1970), 62 Tenn.App. 13, 457 S.W.2d 864, 867[4], certiorari denied (1970); *Ford Motor Company v. Lonon* (1966), 217 Tenn. 400, 398 S.W.2d 240; see also: *Walker v. Decora* (1971), 225 Tenn. 504, 471 S.W.2d 778; *Jasper Aviation v. McCullum Aviation, Inc.* (Tenn., 1972), 497 S.W.2d 240.

ON SUFFICIENCY OF BOND

The appellee Sears, Roebuck & Company raised for determination by the clerk of this Court an objection to the sufficiency of the bond for costs on appeal in this civil action. Rule 7, Federal Rules of Appellate Procedure. The clerk found that such bond should be increased to the principal sum of $1,200. See findings of the clerk of July 18, 1977 herein. The appellant strike moved the Court for a review, in the exercise of its inherent power, of that finding. *Cf. Hamilton Bros. v. Hazzouri,* D.C.Pa. (1952), 104 F.Supp. 659.

"* * * The purpose of the bond for costs is to give the appellee security for the payment of such costs as may be awarded to [it] under the provisions of Rule 39 [Federal Rules of Appellate Procedure] in [the] event the appellant is unsuccessful in h[er] appeal. * * *" 9 Moore's Federal Practice (2d ed.) 1302, ¶ 207.02. Such costs include the docket fee paid to the clerk of the Court of Appeals, the cost of producing copies of briefs and the appendix of the record, the cost of the reporter's transcript if necessary for the appeal, the premiums paid for costs or supersedeas bonds or other bonds to preserve rights pending appeal, and the fee for filing the notice of appeal. Rules 39(c), (e), Federal Rules of Appellate Procedure; 9 Moore's, *supra,* at 1307, ¶ 207.-06.

The appellant having already incurred and paid a substantial portion of such costs as might be awarded the appellee, and she appearing willing (and apparently able) to pay those remaining costs herein, it hereby is

ORDERED that the foregoing findings of the clerk of this Court are MODIFIED; and the appellant will increase her cost bond herein to the principal amount of $750 within 5 days herefrom.