**BRINER ELECTRIC COMPANY, Respondent,**

v.

**SACHS ELECTRIC COMPANY, Appellant.**

No. 49954.

Missouri Court of Appeals, Eastern District, Division One.

Dec. 31, 1985.

Robert S. Allen, Michael Angelo Vitale, St. Louis, for appellant.

Rexford H. Caruthers, St. Louis, Richard C. Bresnahan, Clayton, for respondent.

SNYDER, Judge.

Sachs Electric Company appeals from the denial of its motion to tax as costs against Briner Electric Company the premiums paid by Sachs to obtain a supersedeas bond. The judgment denying the motion is affirmed.

This litigation arose when Briner sued Sachs for tortious interference with a business expectancy. Judgment for $213,000 in actual damages and $405,000 in punitive damages was entered in favor of Briner and against Sachs pursuant to a jury verdict. Sachs appealed and we reversed the judgment outright in *Briner Electric Co. v. Sachs Electric Co.*, 680 S.W.2d 737 (Mo. App.1984).

This court's mandate directed that judgment be entered in favor of Sachs and that costs be assessed against Briner. Sachs then filed its motion to tax as court costs the supersedeas bond premiums which it had paid in the amount of $28,752. The trial court denied Sachs' motion and it appealed.

■ Missouri cases hold that no item is taxable as costs unless its taxability is specifically provided by statute. *Parrett v. Integon Life Ins. Co.*, 590 S.W.2d 411, 413 (Mo. banc 1979); *McClue v. Epsten*, 492 S.W.2d 97, 98 (Mo.App.1973).

Sachs cites Rule 77.01, effective January 1, 1981, as authorizing the taxing of supersedeas bond premiums as costs. The rule does not say that. It provides only that "the party prevailing shall recover his costs against the other party." The question is whether "costs" includes supersedeas bond premiums.

No cases were cited which meet this question squarely, although Sachs relies on *Buckman v. Missouri-Kansas & Texas Railway*, 121 Mo.App. 299, 98 S.W. 820 (1906). *Buckman* held that a successful appellant was entitled to his costs including the cost of filing an appeal bond. *Id.* 98 S.W. at 821. The case does not say whether the cost of filing an appeal bond meant only the court costs in connection with the

filing fee for the bond, or the actual bond premiums.

■ Later cases explicitly state that where the statutes or rules do not specifically authorize items to be taxed as costs, they may not be so taxed. *See e.g., Parrett v. Integon Life Ins. Co.,* 590 S.W.2d at 413; *B. v. B.,* 673 S.W.2d 819, 825 (Mo.App. 1984); *In Interest of Ray,* 602 S.W.2d 955, 958 (Mo.App.1980); *McClue v. Epsten,* 492 S.W.2d at 98. These cases are more persuasive than *Buckman* and this court holds that "costs" does not include supersedeas bond premiums.

Sachs also gives as a reason for its position that the federal rules permit appeal bond premiums to be taxed as costs and we recognize some of the federal court circuits have allowed bond premiums to be taxed as costs. *See e.g., Ingle v. Sears, Roebuck & Co.,* 470 F.Supp. 260 (E.D.Tenn.1977). In the federal courts, however, this item is specifically authorized by court rule. Fed. R.App.P. 39(e). The federal rules have no application here.

Stephen H. Gilmore, St. Louis, for petitioner-appellant.

John Randolph Bakewell, Ronald Charles Clements, Jefferson City, for respondent.

The judgment is affirmed.

CARL R. GAERTNER, P.J., and SMITH, J., concur.